Taft, J.
Plaintiff contends that “the activity of” the Ohio Bell Telephone Company, herein referred to as defendant Bell, “in installing, leasing and maintaining private telephone intercommunication systems under authority of” a tariff filed by defendant Bell with the Public Utilities Commission of Ohio is illegal.
This contention is based upon the further contention that such activity is not a public utility activity and therefore is not subject to regulation by the Public Utilities Commission.
No such regulation of defendant Bell could possibly hurt plaintiff. No one even suggests that plaintiff’s former business of installing, leasing and maintaining private telephone intercommunication systems was subject to regulation by the Public Utilities Commission or was in any way restricted by any regulation of defendant Bell. Actually, the Public Utilities Commission regulation of such activity by defendant Bell should have helped and promoted plaintiff’s business by limiting the greater competition that defendant Bell might otherwise have provided if it had not been subjected to that Public Utilities Commission regulation. This is recognized in the allegations of plaintiff’s complaint that defendant Bell’s “rates have been extremely ex-horbitant.”
Plaintiff contends that the activity of defendant Bell, about which plaintiff is complaining, is not subject to regulation by *334 the Public Utilities Commission. We do not intend to express any opinion as to the soundness of that contention. However, if we assume that that contention is sound, it does not follow that that activity is unlawful. Plaintiff has made no other argument, that is sustained by any evidence in the record, which argument could reasonably support a conclusion that defendant Bell may not engage in that activity merely because it is not an activity subject to regulation by the Public Utilities Commission. See Gamewell Co. v. New York Telephone Co. (1957), 21 P. U. R. (3d), 384, affirmed on other grounds, Gamewell Co. v. Public Service Commission (1959), 8 App. Div. (2d), 232, 188 N. Y. Supp. (2d), 107. As stated in defendant Bell’s brief, “it is fundamental to our competitive system that unregulated businesses have no right to freedom from competition.”
Furthermore, as stated in the order of the Public Utilities Commission appealed from, plaintiff “is now out of business after unsuccessful attempts to * * * sell service, lease private telephone intercommunication systems.”
Since it appears that plaintiff has no legitimate interest to protect in complaining about the order of the commission appealed from, this appeal certainly is moot so far as plaintiff is concerned. It should therefore be dismissed. See Miner v. Witt (1910), 82 Ohio St., 237, 92 N. E., 21.

Appeal dismissed.

Weygandi, C. J., Zimmerman, Matthias, Bell and Griffith, JJ., concur.
O’Neill, J., not participating.
Griffith, J., of the Seventh Appellate District, sitting by designation in the place and stead of Herbert, J.